**E-FILED**
Monday, 18 September, 2006  03:13:48 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CRAIG PENDOTA and GALEN DENLER,
    Plaintiffs,

vs.                    No. 06-1207

ROGER WALKER,  et al.,
    Defendants

<u>ORDER</u>

       This cause is before the court for a merit review of the plaintiffs' claims.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiffs' complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

       The two plaintiffs, Craig Prendota and Galen Denler,  have filed their lawsuit pursuant to 42 U.S.C. §1983 against three defendants: Illinois Department of Corrections Director Roger Walker, Illinois Department of Corrections Regional Director Guy Pierce and Pontiac Correctional Center Warden Eddie Jones.

       The plaintiffs says the defendants violated their Eighth Amendment rights when they failed to provide adequate winter clothing from December 2005 through the spring of 2006.  The plaintiff's state on several occasions they were forced to chose between yard time and being outside in extreme temperatures without adequate clothing.   They also say they were forced outside to attend school and to participate in visits.  The plaintiffs further state when they filed grievances, they were told that they could buy hats, gloves and other winter clothing in the commissary, but the plaintiffs say they were indigent and could not afford to buy the necessary clothing.

       The plaintiffs have adequately alleged a violation of their Eighth Amendment rights.  The plaintiffs do not state whether they intended to sue the defendants in both their individual and official capacities.  Suits against state officers in their "official capacity" are suits against the state and thus cannot be brought under Section 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).  Therefore, the court finds that the claims are against the defendants in their individual capacities.

     **IT IS THEREFORE ORDERED that:**

     **1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the**

court finds that the plaintiffs have adequately alleged that Defendants Walker, Pierce, and Jones violated their rights under the Eighth Amendment when they denied them adequate clothing for the winter months and forced the plaintiffs to choose between yard time and going out in extreme temperatures without adequate clothing.  The claim is against the defendants in their individual capacities only.

2) Any other intended claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.

3)  This case shall proceed solely on those federal claims identified in paragraph (1) above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

6)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this  18th   Day of September, 2006.


                              s\Harold A. Baker

                    _____
                              HAROLD A. BAKER
                         UNITED STATES DISTRICT JUDGE