UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CRAIG PRENDOTA and GALEN DENLER,
   Plaintiffs,

vs.                                                                  No. 06-1207

ROGER WALKER, et al.,
   Defendants

ORDER

     This cause is before the court for consideration of motions to compel filed by the plaintiffs and the defendants. [d/e 24, 29]

     The two plaintiffs, Craig Prendota and Galen Denler, filed this lawsuit pursuant to 42 U.S.C. §1983 against three defendants: Illinois Department of Corrections Director Roger Walker, Illinois Department of Corrections Regional Director Guy Pierce and Pontiac Correctional Center Warden Eddie Jones. The court conducted a merit review of the complaint and determined that the plaintiffs had adequately alleged that the defendants violated their rights under the Eighth Amendment. The plaintiffs claim they were denied adequate clothing for the winter months and they were forced to choose between yard time and going out in extreme temperatures without appropriate clothing. *See* September 18, 2006 Merit Review Order. The claim is against the defendants in their individual capacities only.

PLAINTIFFS' MOTION TO COMPEL

     The plaintiffs state that defendants have objected to 11 of their requests for production of documents and the objections are without merit. The defendants claim the plaintiffs have made no effort to resolve their dispute prior to filing the motion to compel. The plaintiffs are admonished that they do need to attempt to resolve discovery disputes prior to filing a motion to compel. However, the plaintiffs are proceeding pro se and the defendant have had a chance to provide further documentation, so the court will now consider the specific requests and responses.

REQUEST #1- The plaintiffs have asked for "any and all grievances, complaints or other documents received by the defendants or their agents at Pontiac Correctional Center, concerning the denial of adequate winter clothing and any memoranda, investigative files or other documents created in response to such documents since November 1, 2004." (Plain. Memo, p. 2) The defendants object. They say the request is over broad and burdensome. The defendants say the grievances and complaints are filed by name and number of the offender and it would therefore require a search of all offender files. The correctional center housed over 44,000

1

inmates at the end of 2004.

The plaintiffs respond that the information is relevant to their claims that there were repeated complaints about clothing at Pontiac Correctional Center and they should not be penalized based on the defendants ineffective filing system.

The court agrees that the request is overly broad and burdensome and does not believe the plaintiffs have demonstrated that the filing system is ineffective. The court does note that the defendants should provide any and all grievances, complaints or other documents filed by the two plaintiffs in this case pertaining to their claims.

REQUEST # 9- The plaintiffs have asked for all logs, lists or other documentation "concerning the visitors sign in sheet for visits that Plaintiff Prendota received from December of 2005 to March of 2006. " (Plain. Memo, p. 3) The defendants object based on relevancy.

The plaintiffs says Plaintiff Prendotta has alleged that he was without adequate clothing when he was taken to see visitors. In response, the defendants repeat their objection, but have produced Plaintiff Prendota's "Offender Tracking System visitor records for the requested time period." (Def. Resp, p.3). The defendants have identified the specific page numbers of discovery that contain this information. This should be an adequate response for the plaintiff to identify the days he was taken to see visitors.

REQUEST #10- The plaintiff's ask for any and all logs, lists or other documentation "concerning the recreational yard count for south cell house, 7 Gallery" during the relevant time periods. (Plain Memo, p. 4) The defendants say the documents are irrelevant.

The plaintiffs state that they have claimed they were subjected to cold weather conditions without adequate clothing when they went into the yard. In addition, the claim they were forced to chose between yard time and suffering in the cold weather. In response, the defendants say whether or not offenders chose to participate in yard time is irrelevant to whether they were provided adequate clothing.

The court disagrees. The information is relevant to what days the plaintiff's were outside and the length of time they were outside. More importantly, the plaintiffs have claimed they were effectively denied yard/exercise time based on the lack of clothing. *See* Merit Review Order, Plaintiff's Complaint, p.11, para. 47. The defendants must provide the plaintiffs with any records which reflect when they were allowed yard time during this time period and when they chose to participate in yard time.

REQUEST #11- The plaintiff's seek information concerning Plaintiff Prendota's attendance sheet from the Macmurrys Culinary Arts Vocational School during the relevant time period.

The defendants again say the request is irrelevant.

The plaintiffs say this is another time that Plaintiff Prendota was taken outside without adequate clothing. The defendants respond that attendance in the school is optional, and therefore not relevant to whether the plaintiff was provided adequate clothing. Again, the court disagrees. The defendants are to provide any records that demonstrate what days the plaintiff attended the Culinary School during the relevant time period.

REQUEST #12- The plaintiffs have asked for "any and all logs, list, invoices or other documentation concerning the type of winter clothing provided to inmates at the Pontiac Correctional Center." (Plaint. Memo, p. 5) The defendants object that the request is over broad, irrelevant and not likely to lead to the discovery of admissible evidence.

The plaintiff's argue that this information is highly relevant to the question of whether adequate clothing is provided. The defendants restate their objection and say the plaintiffs are familiar with the clothing that is issued. Nonetheless, the defendants have pointed the plaintiffs to previously produced documents stating what clothing was issued to the plaintiffs.

The court does not believe this is an adequate response. Were the plaintiff's provided the same clothing as other inmates? The defendants must also provide the plaintiffs with any documents that exist stating what clothing inmates at the Pontiac Correctional Center were provided during the relevant time period. In addition, any documents stating whether inmates may obtain additional clothing or weather-related clothing and if so, how they are to obtain this clothing

REQUEST #13- The plaintiffs have asked for documents concerning the types of materials used to manufacture the winter clothing issued to inmates. The defendants object. The plaintiffs' argue that the sufficiency of this clothing is central to their claim. The defendants respond that they plaintiff's are already familiar with and have in their possession the clothing at issue.

The defendants are not the manufacturers of the clothing inmates wear and therefore are not in a position to comment on the materials used. The plaintiffs may list what clothing items they would like to present as exhibits at trial in the pretrial order and/or describe the clothing in an affidavit in response to a dispositive motion.

REQUEST #14- The plaintiffs have asked for documentation in regards to what clothing is issued to inmates that are being released from the correctional center. The plaintiffs argue that inmates are given adequate clothing upon their release. The court agrees with the defendants that this request is irrelevant to the plaintiff's claims involving clothing that is given to individuals while they are still incarcerated.

REQUEST #17- The plaintiffs want copies of any policies or directives concerning indigent

3

status inmates. The defendants say the request is vague, confusing and irrelevant.

The plaintiffs argue that it is relevant to what inmate is considered to be indigent. The defendants repeat their objection, but also state that they are not aware of any documents which describe the qualifications for "indigent" status at the correctional center. The response is adequate.

### DEFENDANTS' MOTION TO COMPEL

The defendants have also filed a motion to compel and a motion for an extension of time to file a dispositive motion. [d/e 29]. The defendants say that they sent the plaintiffs a set of interrogatories and the plaintiffs did not provide a timely response.

The defendants then sent a letter to the plaintiffs asking for a response or the defendants would file a motion to compel. The plaintiffs responded that they had tried to e-file a response without success. The plaintiffs then provided their objections to the interrogatories.

The defendants submitted only two interrogatories for the plaintiffs. The first asks the plaintiffs to "state with specificity all claims made against Defendant Roger Walker, Jr." and for each claim the plaintiffs must: a) state the specific legal basis, theory or statute upon which they rely; b) state the specific actions or inactions of Defendant Walker relied upon to establish the claims; c) state the damages, injuries or harm they suffered as a result of this defendants actions or inactions; and d) what evidence they have in support of their claims.

The plaintiff's have objected that the interrogatory is overly broad and burdensome. The plaintiff's say they have attached their evidence to their complaints as well as produced documents in response to the request for documents.

The court will require the plaintiff's to provide a further response to part of this interrogatory. Asking the pro se plaintiff's to state the legal basis for their claim is not necessary since the basis was stated in the court's initial merit review order and the plaintiffs have not asked to amend this order. The plaintiffs are claiming a violation of their Eighth Amendment rights because they were denied adequate clothing for the winter months and they were effectively denied yard/exercise time based on the lack of adequate clothing. The plaintiffs will have to demonstrate that these denials rose to the level of an Eighth Amendment violation.

In addition, the plaintiff's lengthy complaint does spell out the basis of their claims and points to specific evidence in support of those claims. Nonetheless, the court will ask the plaintiffs to answer portions b and c of the interrogatory. The plaintiffs should be able to state specifically why they named Walker as a defendant in this lawsuit and state what injuries or damages they have suffered.

The defendants' second interrogatory asks for the same information concerning Defendant Guy Pierce with the same objection from the plaintiffs. The court will also ask the plaintiffs to provide further information.

## CONCLUSION

Both the plaintiffs and the defendants motions to compel are granted in part and denied in part. [d/e 24, 29]

The defendants must provide additional documents or provide the Bates Numbers of previously provided documents or indicate if there are no responsive documents for each of the following:

1) any and all grievances, complaints or other documents filed by the two plaintiffs in this case concerning the lack of appropriate clothing or denial of yard time;
2) any records or logs which indicate what days the plaintiffs were offered yard time and whether the plaintiff's participated in yard time from December 2005 to March 2006;
3) any records that demonstrate what days Plaintiff Prendota attended the Culinary School during this time period; and,
4) any documents stating what clothing inmates at the Pontiac Correctional Center were issued during the relevant time period and any documents indicating how inmates may obtain additional or weather-related clothing.

The plaintiffs must answer two interrogatories for both Defendant Walker and Defendant Pierce. For each defendant, the plaintiff must state:

1) the specific actions or inactions of the defendant which lead to the claims against him; and
2) what damages or injuries did you suffer as a result of the defendant's conduct.

The parties must provide their responses to each other within 21 days of this order. In addition, the defendants motion for additional time to file a dispositive motion is granted. [d/e 29]. The court notes the defendants have now filed a motion for summary judgement and a reply [d/e 30, 34] and the plaintiffs have filed a response. [d/e 33]. The court will strike these documents with leave to renew or supplement after the discovery deadline.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiffs and the defendants motions to compel are granted in part and denied in part as outlined by this order. [d/e 24, 29]. The parties must provide the additional information to each other within 21 days of this order.**

**2) The defendants motion for additional time to file a dispositive motion is**

**granted. [d/e 29]**

**3) The court will strike the pending dispositive motion and responses with leave to renew pending the outcome of discovery. [d/e 30, 33, 34]**

**4) The court will now abide by the following deadlines: 1) additional discovery must be provided within 21 days of this order, and 2) any dispostive motions must be filed on or before April 18, 2008.  The parties may choose to renew their previous motion and responses or supplement these motions and responses.**

Entered this 7th day of March, 2008.


                      s\Harold A. Baker
   _____
                    HAROLD A. BAKER
             UNITED STATES DISTRICT JUDGE